MICHAEL J. McCUE, CA Bar No. 296425
Email: mmccue@lrrc.com
LEWIS ROCA ROTHGERBER CHRISTIE LLP
4300 Bohannon Drive, Suite 230
Menlo Park, California 94025
(Tel.) (650) 391-1380
(Fax) (650) 391-1395

G. WARREN BLEEKER, CA Bar No. 210834
Email: wbleeker@lrrc.com
DREW WILSON, CA Bar No. 283616
Email: dwilson@lrrc.com
LEWIS ROCA ROTHGERBER CHRISTIE LLP
655 North Central Avenue, Suite 2300
Glendale, CA 91203
(Tel.) (626) 795-9900
(Fax) (626) 577-8800

*Attorneys for Plaintiff*
*NNG, Kft.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NNG, Kft., a Hungarian corporation, | Case No. 2:17-cv-05812 |
| Plaintiff, | **COMPLAINT FOR BREACH OF CONTRACT** |
| v. | |
| EPSILON ELECTRONICS, INC., a California corporation; JACK ROCHEL, an individual; and SOHAIL ROCHEL, an individual, | |
| Defendants. | |

Plaintiff NNG, Kft. ("NNG" or "Plaintiff"), for its Complaint against Defendants Epsilon Electronics, Inc. ("Epsilon") Jack Rochel and Sohail Rochel (the "Rochels") (together, "Defendants" and each individually a "Defendant"), alleges as follows:

# NATURE OF THIS ACTION

1. This is an action arising out of Defendants' breach of a Settlement Agreement and Release ("Settlement Agreement") resulting from a prior action before this Court, Case No. 2:16-cv-06943-RSWL-JC.

# PARTIES

2. Plaintiff NNG, Kft. is a corporation organized under the laws of Hungary, with its principal place of business at Szépvölgyi út 35-37., Budapest, Hungary H-1037.

3. Defendant Epsilon Electronics, Inc. (defined above as "Epsilon") is a California corporation with its principal place of business at 1550 S. Maple Avenue, Montebello, California 90640.

4. Defendant Jack Rochel is the President and a principal of Epsilon and is a resident of the State of California.

5. Defendant Sohail Rochel is the Vice President and a principal of Epsilon and is a resident of the State of California.

# JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of Hungary and Defendants are citizens of California and the amount in controversy exceeds the sum or value of $75,000.

6. This Court has personal jurisdiction over Defendants because Epsilon is a California corporation with its principal place of business in California, Defendants Jack and Sohail Rochel are residents of the State of California. Each of the Defendants agreed to personal jurisdiction in California pursuant to the Settlement Agreement.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), because Defendant Epsilon resides in this judicial district; Defendants Jack and Sohail Rochel are residents of the State of California; a substantial part of the

events or omissions giving rise to the claim occurred in this district; and Defendants agreed to venue in this district pursuant to the Settlement Agreement.

## GENERAL ALLEGATIONS

8. Plaintiff NNG is a global company that develops navigation and infotainment systems for automotive companies around the world.

9. Defendant Epsilon is a manufacturer and distributor of automotive audio and video electronics products, such as amplifiers, speakers, DVD players, and "head units."

10. On or about September 15, 2016, NNG filed a lawsuit against Defendants Epsilon in the United States District Court for the Central District of California in a case captioned *NNG, Kft. v. Epsilon Electronics, Inc. et al.*, Case No. 2:16-06943-RSWL-JC, for copyright infringement, violation of the Digital Millennium Copyright Act, trademark infringement, and related claims ("Prior Lawsuit"). Jack and Sohail Rochel were also named in the Prior Lawsuit in their individual capacity.

11. On January 13, 2017, the parties settled the Prior Lawsuit, and entered into the Settlement Agreement. Jack Rochel signed the Settlement Agreement in both his individual capacity, and as the president of Epsilon. Sohail Rochel signed the Settlement Agreement in his individual capacity. A copy of the Settlement Agreement is attached as Exhibit A.

12. As consideration for the Settlement Agreement, Defendants agreed to purchase additional iGO software licenses for a total of $625,000, to be paid in two installments of $312,500 each.

13. The first payment was due on January 19, 2017 and the second payment was due on June 30, 2017.

14. Defendants made the first installment payment, but failed to make the second payment.

15. The Settlement Agreement provides that, if Defendants failed to make the second installment payment to NNG on or before June 30, 2017, NNG was entitled to issue an invoice immediately following June 30, 2017, which Defendants were required to settle within eight (8) days. In addition, the Settlement Agreement provided for a penalty of 10% (ten percent) if Defendants failed to timely pay the invoice.

16. NNG sent Defendants an invoice on June 30, 2017.

17. Defendants did not make the second payment within eight (8) days of the issuance of the invoice.

18. On July 20, 2017, NNG sent Defendants a demand letter for the payment of the second installment in the amount of $312,500 plus the penalty of 10% in the amount of $31,250. Defendants failed to make either payment.

## **COUNT I**

## **(Breach of Contract)**

30. Plaintiff NNG incorporates the foregoing allegations as though fully set forth herein.

31. The Settlement Agreement is a valid and binding contract.

32. Plaintiff has performed, or is ready to perform, all of its obligations under the Settlement Agreement, including providing the software licenses that correspond to the second installment payment.

33. Defendants materially breached the Settlement Agreement by not paying the second installment in the amount of $312,500 on or before June 30, 2017.

34. Defendants further materially breached the Settlement Agreement by not paying the penalty of 10%.

35. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damage and injury in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff NNG requests that the Court:

1. Enter judgment in favor of Plaintiff and against the Defendants, joint and severally, for breach of contract in the amount of $312,500, plus the 10% penalty;

2. Enter judgment in favor of Plaintiff and against each Defendant for Plaintiff's costs and attorneys' fees incurred in this action; and

3. Grant any other relief as the Court deems just, equitable and proper.

Dated:  August 4, 2017　　　　　　　Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By:   /s/G. Warren Bleeker
　　　G. Warren Bleeker
　　　Michael J. McCue
　　　Drew Wilson

*Attorneys for Plaintiff
NNG, Kft.*

102007685_1