Saul S. Rostamian (State Bar No. 235292)
srostamian@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile:   (213) 615-1750

Attorney for Defendants
EPSILON ELECTRONICS, INC.,
JACK ROCHEL, AND SOHAIL ROCHEL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NNG, Kft., a Hungarian corporation,<br><br>Plaintiff,<br><br>v.<br><br>EPSILON ELECTRONICS, INC., a California corporation; JACK ROCHEL, an individual; and SOHAIL ROCHEL, and individual,<br><br>Defendants. | **Case No. 2:17-cv-05812-RSWL (JCx)**<br><br>**EPSILON ELECTRONICS, INC.'S ANSWER TO COMPLAINT** |

**DEFENDANT EPSILON ELECTRONICS, INC.'S ANSWER TO COMPLAINT**

Defendant Epsilon Electronics, Inc. ("Epsilon") hereby answers Plaintiff's Complaint as follows:

1. Answering Paragraph 1 of the Complaint, Epsilon admits the allegations set forth therein.

2. Answering Paragraph 2 of the Complaint, Epsilon admits the allegations set forth therein.

3. Answering Paragraph 3 of the Complaint, Epsilon admits Jack Rochel is the President, but otherwise denies the allegations set forth therein or said allegations are unclear.

4. Answering Paragraph 4 of the Complaint, Epsilon admits Sohail Rochel is an officer, but otherwise denies the allegations set forth therein or said allegations are unclear.

5. Answering Paragraph 5 of the Complaint, Epsilon admits the allegations set forth therein.

6. Answering Paragraph 6 of the Complaint, Epsilon admits the allegations set forth therein.

7. Answering Paragraph 7 of the Complaint, Epsilon admits the allegations set forth therein.

8. Answering Paragraph 8 of the Complaint, Epsilon admits the allegations set forth therein.

9. Answering Paragraph 9 of the Complaint, Epsilon admits it was a customer of Plaintiff's products, but otherwise denies the allegations set forth therein or said allegations are unclear.

10. Answering Paragraph 10 of the Complaint, Epsilon admits the allegations set forth therein.

11. Answering Paragraph 11 of the Complaint, Epsilon admits the allegations set forth therein.

1    12.    Answering Paragraph 12 of the Complaint, Epsilon admits that Epsilon
2  agreed to purchase additional iGo software licenses for a total of $625,000 to be paid in
3  two installments of $312,500 each, but otherwise denies the allegations set forth therein.
4    13.    Answering Paragraph 13 of the Complaint, Epsilon admits the allegations
5  set forth therein.
6    14.    Answering Paragraph 14 of the Complaint, Epsilon admits that the
7  allegations set forth therein.
8    15.    Answering Paragraph 15 of the Complaint, Epsilon admits the Settlement
9  Agreement provides that, if Epsilon failed to make the second installment payment to
10 NNG on or before June 30, 2017, NNG was entitled to issue an invoice immediately
11 following June 30, 2017, which Epsilon was required to settle within eight (8) days.
12 Epsilon further admits that the Settlement Agreement provided for a penalty of 10%
13 (ten percent) if Epsilon failed to timely pay the invoice, but otherwise denies the
14 allegations set forth therein.
15   16.    Answering Paragraph 16 of the Complaint, Epsilon admits that NNG sent
16 Epsilon an invoice on June 30, 2017, but otherwise denies the allegations set forth
17 therein.
18   17.    Answering Paragraph 17 of the Complaint, Epsilon admits that it did not
19 make the second payment within eight (8) days of issuance of the invoice, but otherwise
20 denies the allegations set forth therein.
21   18.    Answering Paragraph 18 of the Complaint, Epsilon admits that NNG sent
22 Epsilon a demand letter for the payment of the second installment in the amount of
23 $312,500 plus the penalty of 10% in the amount of $31,250. Epsilon further admits that
24 it did not make either payment, but otherwise denies the allegations set forth therein.
25   19.    Answering Paragraph 30 of the Complaint, Epsilon admits the allegations
26 therein to the extent admitted in Paragraphs 1 through 18 of this Answer, but otherwise
27 denies the allegations set forth therein.
28   20.    Answering Paragraph 31 of the Complaint, Epsilon admits the Settlement

Agreement was valid at execution, but otherwise denies the allegations set forth therein.

21. Answering Paragraph 32 of the Complaint, Epsilon denies the allegations set forth therein.

22. Answering Paragraph 33 of the Complaint, Epsilon denies the allegations set forth therein.

23. Answering Paragraph 34 of the Complaint, Epsilon denies the allegations set forth therein.

24. Answering Paragraph 35 of the Complaint, Epsilon denies the allegations set forth therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

25. Plaintiff's action is barred, in whole or in part, due to Plaintiff's material breach of the Settlement Agreement.

### SECOND AFFIRMATIVE DEFENSE

26. Plaintiff's action is barred, in whole or in part, due to a failure of consideration under the Settlement Agreement.

### THIRD AFFIRMATIVE DEFENSE

27. Plaintiff's claims are barred, in whole or in part, to the extent that Epsilon's alleged actions, if such actions were done at all, were justified or undertaken in good faith.

### FOURTH AFFIRMATIVE DEFENSE

28. Plaintiff's claims are barred, in whole or in part, because Plaintiff suffered no injury as a result of the actions, inactions, or omissions of Epsilon.

### FIFTH AFFIRMATIVE DEFENSE

29. Plaintiff's action is barred, in whole or in part, by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

30. Any damages suffered by Plaintiff resulted from Plaintiff's own action,

inaction, or omission, including Plaintiff's breach of contract or breach of other applicable duty or obligation.

### SEVENTH AFFIRMATIVE DEFENSE

31. Epsilon did not breach any duty to Plaintiff or any other person or party.

### EIGHTH AFFIRMATIVE DEFENSE

32. Any alleged ascertainable loss, damages, or injury suffered by Plaintiff were not caused, causally connected, caused in fact, or proximately caused by the actions or inactions of Epsilon.

### NINTH AFFIRMATIVE DEFENSE

33. Plaintiff is barred from recovery of damages due to Plaintiff's own breach of contract or breach of the covenant of good faith and fair dealing.

### TENTH AFFIRMATIVE DEFENSE

34. Plaintiff is barred from recovery of damages by the doctrine of quantum meruit and because Plaintiff has been unjustly enriched.

### ELEVENTH AFFIRMATIVE DEFENSE

35. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate injury, losses, and damages.

Dated: September 21, 2017

Respectfully submitted,

WINSTON & STRAWN LLP

By: /s/ Saul S. Rostamian

Attorney for Defendants
EPSILON ELECTRONICS, INC.,
JACK ROCHEL, and SOHAIL ROCHEL

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2017, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will send notification of such filing to each attorney of record herein by electronic means.

Dated: September 21, 2017          Respectfully submitted,

By:   */s/ Saul S. Rostamian*
      Saul S. Rostamian
      srostamian@winston.com
      WINSTON & STRAWN LLP
      333 S. Grand Avenue
      Los Angeles, CA 90071-1543
      Telephone:  (213) 615-1700

      *Counsel for Epsilon Electronics, Inc.,*
      *Jack Rochel, and Sohail Rochel*